UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

DOMINIC GLOVER,
individually and on behalf of
persons similarly situated,

    Plaintiff,

v.

FRONTLINE COMMUNICATIONS, INC.,
an Illinois corporation,
JOHN URSO, individually, and
GINA URSO, individually,

    Defendants.
_____/

## COMPLAINT

COMES NOW, Plaintiff, DOMINIC GLOVER, by and through undersigned counsel, on behalf of himself and others similarly situated, and hereby alleges the following cause(s) of action against Defendants, FRONTLINE COMMUNICATIONS, INC., JOHN URSO, and GINA URSO:

1.    Plaintiff, DOMINIC GLOVER, was employed by Defendants as more fully alleged herein. Plaintiff brings this action on behalf of himself and on behalf of other, current and former employees of Defendants similarly situated to him for unpaid overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLSA" or the "Act").

2. At all times material hereto, Plaintiff, DOMINIC GLOVER, was employed by Defendants as a non-exempt piece-rate worker, performing the duties of a technician or installer, including without limitation cable installation, repair, auditing, disconnection, and related services and labor, primarily within the personal jurisdiction and venue of this Court.

3. Plaintiff worked for Defendants from about February 2009 until approximately May 2010.

4. The corporate Defendant, FRONTLINE COMMUNICATIONS, INC., is an Illinois corporation that provides cable installation, repair, auditing, disconnection, and related services and labor for compensation at various premises throughout Florida and other states and that suffers persons such as Plaintiff and others similarly situated to work on its behalf in providing cable installation, repair, auditing, disconnection, or related services and labor. Defendant does business extensively within the jurisdiction of this Court. Defendant is within the personal jurisdiction and venue of this Court.

5. The individual Defendant, JOHN URSO, was and is an individual resident of the State of Florida who owns, manages, and/or operates FRONTLINE COMMUNICATIONS, Inc. By virtue of such control and authority, JOHN URSO is an employer of Plaintiff and others similarly situated, as such term is defined by the FLSA.

6. The individual Defendant, GINA URSO, was and is an individual resident of the State of Florida who owns, manages, and/or operates FRONTLINE COMMUNICATIONS, INC. By virtue of such control and authority, GINA URSO is

an employer of Plaintiff and others similarly situated, as such term is defined by the FLSA.

7. At all times material hereto, Plaintiff and all the similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

8. This cause of action is brought as a collective action to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of Title 29 U.S.C. §216 (b) on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

9. The asserted class for this collective action includes all current and former employees similarly situated to Plaintiff, which includes all piece-rate technicians or installers who perform, or have performed, cable installation, repair, auditing, disconnection, or related services and labor of a non-exempt nature, however precisely titled, at any premises nationwide in furtherance of the business of one or all Defendants (the "asserted class"), and who worked in excess of forty (40) hours during one or more work weeks on or after May 2007 (the "material time").

10. In the course of employment with one or all Defendants, the Plaintiff and the other persons in the asserted class regularly worked overtime hours (that is, hours in excess of forty (40) hours per workweek, referred to herein as "overtime hours") and were not paid overtime compensation at an overtime rate of one and one-half times their regular rate of pay (the "overtime rate") for all of the overtime hours worked, based in part upon Defendants' custom and practice of failing to credit overtime actually worked,

and failing to calculate and pay overtime wages properly, among other violations of the FLSA.

11.  The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees in the asserted class, and the compensation actually paid to such workers should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by the Plaintiff and all other employees in the asserted class.

12.  Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. §216(b). At all times pertinent to this Complaint, the corporate Defendant was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s). The annual gross sales volume of the corporate Defendant was in excess of $500,000.00 per annum. Alternatively, Plaintiff and those persons similarly situated in the asserted class worked in interstate commerce so as to fall within the protections of the Act.

13.  At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209 in that Plaintiff and those workers similarly situated performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and the other workers in the asserted class the compensation to which they were lawfully entitled for all of the hours worked in excess of forty within a workweek.

14. Plaintiff has retained the Shavitz Law Group, P.A. to provide legal representation and incurred attorney's fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorney's fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

15. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 14 above.

16. Plaintiff was at all material times entitled to be paid Plaintiff's overtime rate of pay for each overtime hour worked in any workweek. All similarly situated persons in the asserted class are similarly entitled to be paid their respective overtime rate for each overtime hour worked in any workweek.

17. Defendants failed to pay Plaintiff and those similarly situated persons in the asserted class properly for all overtime hours worked, which failures were intentional, willful and unlawful

18. By reason of the Defendants' intentional, willful and unlawful acts, Plaintiff and the similarly situated persons in the asserted class have suffered damages plus incurring costs and reasonable attorneys' fees.

19. As a result of Defendants' willful violation of the Act, Plaintiff and those persons similarly situated to Plaintiff are entitled to liquidated damages.

20. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, DOMINIC GLOVER, and those persons similarly situated to Plaintiff in the asserted class who have or will opt into this collective action, demand judgment against Defendant, FRONTLINE COMMUNICATIONS, Inc., and against Defendants, JOHN URS and GINA URSO, jointly and severally, for the payment of compensation for all overtime hours at one and one-half times their regular rate of pay due them for the overtime hours worked by Plaintiff and by similarly situated persons without being properly paid, liquidated damages, reasonable attorneys' fees and costs of suit, prejudgment interest, and for all other appropriate relief.

Dated: May 26, 2010
Boca Raton, Florida

Respectfully submitted,

*/s/ Hal B. Anderson*

Gregg I. Shavitz, Esq.
Florida Bar No. 11398
E-mail: gshavitz@shavitzlaw.com
Hal B. Anderson, Esq.
Florida Bar No. 93051
E-mail: hal.anderson@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
1515 S. Federal Hwy., Suite 404
Boca Raton, Florida 33432
Telephone: 561-447-8888
Facsimile: 561-447-8831
Counsel for Plaintiff