IN THE UNITED DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:  10-CV-60892-GOLD/McALILEY

DOMINIC GLOVER, individually and
on behalf of persons similarly situated,

    Plaintiff,
vs

FRONTLINE COMMUNICATIONS, INC.,
an Illinois corporation, JOHN URSO, individually,
and GINA URSO, individually,

    Defendants.                                               /

**DEFENDANTS FRONTLINE COMMUNICATIONS, INC.,
JOHN URSO, AND GINA URSO'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

    Defendants Frontline Communications, Inc. ("Frontline"), John Urso and Gina Urso (the "Ursos") (Frontline, John Urso, and Gina Urso are herein after collectively referred to as "Defendants"), by and through undersigned counsel, hereby serves this Answer and Affirmative Defenses to the Complaint filed by Plaintiff, Dominic Glover ("Plaintiff"), and states:

**NATURE OF PLAINTIFFS' CLAIMS**

    1.    The allegations of Paragraph No. 1 are worded in such a way as to put Defendants in an improper position such that any response could be mistaken as some form of admission that additional persons who Plaintiff alleges may become plaintiffs in this action are entitled to overtime pay; in fact, Defendants deny that additional persons are similarly situated to Plaintiff and may become plaintiffs in this lawsuit.  Defendants admit that Plaintiff purports to bring an action under the cited statute, but deny that Plaintiff has any valid cause of action or is entitled to any form of damages or relief. Defendants are without sufficient information to either admit or deny the remaining allegations in Paragraph 1, and therefore, deny the remaining allegations contained in

1

Paragraph No. 1.

2. In answering Paragraph 2, Defendants admit that Plaintiff was employed, for a limited period of time, only by Frontline as a non-exempt employee, performing the duties of a technician or installer, including without limitation cable installation, repair, auditing, disconnection, and related services and labor, primarily with the personal jurisdiction and venue of this Court. Defendants deny that Plaintiff was employed by the Ursos and that Plaintiff was a piece-rate worker. Defendants deny any remaining allegations contained in Paragraph 2.

3. Defendants deny the allegations contained in Paragraph No. 3.

4. The allegations of Paragraph No. 4 are worded in such a way as to put Defendants in an improper position such that any response could be mistaken as some form of admission that additional persons who Plaintiff alleges may become plaintiffs in this action are entitled to overtime pay; in fact, Defendants deny that additional persons are similarly situated to Plaintiff and may become plaintiffs in this lawsuit. Defendants admit the remaining allegations contained in Paragraph 4.

5. The allegations of Paragraph No. 5 are worded in such a way as to put Defendants in an improper position such that any response could be mistaken as some form of admission that additional persons who Plaintiff alleges may become plaintiffs in this action are entitled to overtime pay; in fact, Defendants deny that additional persons are similarly situated to Plaintiff and may become plaintiffs in this lawsuit. Defendants admit only that John Urso is an owner and manager of Frontline Communications, Inc. but deny the remaining allegations contained in Paragraph 5.

6. The allegations of Paragraph No. 6 are worded in such a way as to put Defendants in an improper position such that any response could be mistaken as some form of admission that additional persons who Plaintiff alleges may become plaintiffs in this action are entitled to overtime pay; in fact, Defendants deny that additional persons are similarly situated to Plaintiff and may become plaintiffs in this lawsuit. Defendants admit only that Gina Urso is an owner and manager of

Frontline Communications, Inc. but deny the remaining allegations contained in Paragraph 6.

7. The allegations of Paragraph No. 7 are worded in such a way as to put Defendants in an improper position such that any response could be mistaken as some form of admission that additional persons who Plaintiff alleges may become plaintiffs in this action are entitled to overtime pay; in fact, Defendants deny that additional persons are similarly situated to Plaintiff and may become plaintiffs in this lawsuit. Defendants deny the allegations contained in Paragraph No. 7.

8. Defendants admit only that Plaintiff purports to bring this action to recover overtime compensation, liquidated damages, and costs and reasonable attorneys' fees under the cited statute. Defendants deny any liability to Plaintiff whatsoever, deny that Plaintiff has any valid cause of action or is entitled to any form of damages or relief, deny that Plaintiff is similarly situated with any other employee, and deny the remaining allegations contained in Paragraph No. 8.

9. The allegations of Paragraph No. 9 are worded in such a way as to put Defendants in an improper position such that any response could be mistaken as some form of admission that additional persons who Plaintiff alleges may become plaintiffs in this action are entitled to overtime pay; in fact, Defendants deny that additional persons are similarly situated to Plaintiff and may become plaintiffs in this lawsuit and deny that any such purported person is entitled to overtime pay. Defendants deny the allegations contained in Paragraph No. 9.

10. The allegations of Paragraph No. 10 are worded in such a way as to put Defendants in an improper position such that any response could be mistaken as some form of admission that additional persons who Plaintiff alleges may become plaintiffs in this action are entitled to overtime pay; in fact, Defendants deny that additional persons are similarly situated to Plaintiff and may become plaintiffs in this lawsuit and deny that any such purported person is entitled to overtime pay. Defendants deny the allegations contained in Paragraph No. 10.

11. The allegations of Paragraph No. 11 are worded in such a way as to put Defendants in an improper position such that any response could be mistaken as some form of admission that additional persons are similarly situated with Plaintiff; in fact, Defendants deny that additional persons are similarly situated to Plaintiff. Defendants admit that they maintained certain payroll records for Plaintiff and deny the remaining allegations contained in Paragraph 11.

12. The allegations of Paragraph No. 12 are worded in such a way as to put Defendants in an improper position such that any response could be mistaken as some form of admission that additional persons are similarly situated with Plaintiff; in fact, Defendants deny that additional persons are similarly situated to Plaintiff and may become plaintiffs in this lawsuit and deny that any such purported person is entitled to overtime pay. Defendants admit that the Court has jurisdiction in this matter.

13. The allegations of Paragraph No. 13 are worded in such a way as to put Defendants in an improper position such that any response could be mistaken as some form of admission that additional persons are similarly situated with Plaintiff; in fact, Defendants deny that additional persons are similarly situated to Plaintiff and may become plaintiffs in this lawsuit and deny that any such purported person is entitled to overtime pay. Defendants deny the allegations contained in Paragraph No. 13.

14. Defendants are without knowledge, and therefore deny, the allegations concerning Plaintiff's retention of counsel. Defendants deny all remaining allegations in contained in Paragraph No. 14.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

15. Defendants reallege and incorporate by reference its answers to Paragraph Nos. 1

through 14 above.

16. The allegations of Paragraph No. 16 are worded in such a way as to put Defendants in an improper position such that any response could be mistaken as some form of admission that additional employees are similarly situated with Plaintiff; in fact, Defendants deny that additional employees are similarly situated to Plaintiff and may become plaintiffs in this lawsuit and deny that any such purported person is entitled to overtime pay.  Defendants deny the allegations contained in Paragraph 16.

17. The allegations of Paragraph No. 17 are worded in such a way as to put Defendants in an improper position such that any response could be mistaken as some form of admission that additional employees are similarly situated with Plaintiff; in fact, Defendants deny that additional employees are similarly situated to Plaintiff and may become plaintiffs in this lawsuit and deny that any such purported person is entitled to overtime pay.  Defendants deny the allegations contained in Paragraph 17.

18. The allegations of Paragraph No. 18 are worded in such a way as to put Defendants in an improper position such that any response could be mistaken as some form of admission that additional employees are similarly situated with Plaintiff; in fact, Defendants deny that additional employees are similarly situated to Plaintiff.  Defendants deny the allegations contained in Paragraph 18.

19. The allegations of Paragraph No. 19 are worded in such a way as to put Defendants in an improper position such that any response could be mistaken as some form of admission that additional employees are similarly situated with Plaintiff; in fact, Defendants deny that additional employees are similarly situated to Plaintiff.   Defendants deny the allegations contained in Paragraph 19.

20. Defendants admit that the Plaintiff purports to demand a jury trial.

21.     Defendants deny that Plaintiff is entitled to recover the relief requested in the "Wherefore" clause of Plaintiff's Complaint.

## General Denials

Defendants deny each and every allegation and inference of the Complaint that are not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff has failed to state a cause of action upon which relief can be granted by failing to allege the requisite elements of a cause of action under the Fair Labor Standards Act ("FLSA").

### Second Affirmative Defense

Plaintiff's claims are barred in whole or in part by the provisions of 29 U.S.C. §259, because actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

### Third Affirmative Defense

If Plaintiff proves that Defendants acted in violation of the FLSA, which they deny, such action was not willful or reckless, but rather was in good faith, and based upon a reasonable belief that such action was not a violation of the FLSA, and thus, neither liquidated damages, nor a three year statute of limitations is warranted.

### Fourth Affirmative Defense

To the extent that the period of time alluded to in the Complaint predates the limitations period set froth in 29 U.S.C. §255(a), such claims are barred.

### Fifth Affirmative Defense

To the extent that some overtime may have been worked for which Plaintiff did not receive compensation (which is denied), Plaintiff's claims should be denied based upon the application of the "de minimus rule." The amounts are insubstantial, insignificant or, as a practical administrative matter, could not have been precisely recorded, so that the Plaintiff is precluded from recovering as to such time.

### Burden of Proof Not Assumed

By raising certain matters as affirmative defenses, Defendants do not thereby assume the burden of proof with respect to those matters to the extent that they are not affirmative defenses but rather an element of Plaintiff's claim.

### Reservation of Rights

Defendants reserve the right to assert additional affirmative defenses and defenses as may appear applicable during the course of this litigation.

### Attorneys' Fees

Defendants have retained the law firm of Schwarzberg & Associates and has agreed to pay it a reasonable fee for its services. Pursuant to 28 U.S.C. §1927 and otherwise, Defendants are entitled to recover its attorneys' fees and costs incurred in this action.

WHEREFORE, Defendants respectfully request that this Court dismiss the Plaintiff's Complaint with prejudice, enter judgment in favor of Defendants, award Defendants' reasonable attorney's fees and costs incurred in this action, and award any such other relief that this Court deems just and proper.

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that on this 27th day of July, 2010, I electronically filed the foregoing Answer and Affirmative Defenses with the Clerk of the Court by using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to Notices of Electronic Filing.

        SCHWARZBERG & ASSOCIATES
        Attorneys for Defendants
        222 Lakeview Avenue
        Esperanté - Suite 210
        West Palm Beach, FL  33401
        Telephone:   (561) 659-3300
        Facsimile:    (561) 659-1911

By: */s/ Kerry A. Raleigh*
        STEVEN L. SCHWARZBERG
        Florida Bar No. 0306134
        steve@schwarzberglaw.com
        CARRIE B. CHERVENY
        Florida bar No. 022408
        ccherveny@schwarzberglaw.com
        KERRY A. RALEIGH
        Florida Bar no. 0170290
        kraleigh@schwarzberglaw.com